THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Melvin Jackson, Respondent,
 v.
 Johnson
 Controls and Indemnity Ins. Co. of N.A., Appellants.
 
 
 

Appeal From Anderson County
Alexander S. Macaulay, Circuit Court
 Judge
Unpublished Opinion No. 2010-UP-259
Submitted April 1, 2010  Filed April 26,
 2010    
AFFIRMED

 
 
 
 Duke K. McCall, Jr., of Greenville, for Appellants.
 Ernest C. Trammell, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Johnson Controls and Indemnity Insurance
 Company (collectively the Carrier) appeal the circuit court's affirmance of the
 Appellate Panel of the South Carolina Workers' Compensation Commission's
 (Appellate Panel) order finding Melvin Jackson suffered from a compensable
 injury resulting from a work-related injury to his back.  On appeal, the
 Carrier argues: (1) the single commissioner's finding of compensability for
 Jackson was not supported by substantial evidence in the record, and (2) the
 single commissioner erred in finding Jackson properly notified his employer of
 the accident.  We affirm.[1]  
1.  Substantial evidence supports the single commissioner's conclusion that he
 suffered from a compensable back injury arising out of his employment with
 Johnson Controls.  While conflicting testimony exists regarding the origins of
 Jackson's injury, Jackson testified he twisted his back and felt a sharp pain
 which radiated down both legs when he got off his forklift while working at
 Johnson Controls.  Jackson's testimony was further corroborated by two
 witnesses.  Moreover, both the single commissioner and the Appellate Panel
 found Jackson was a credible witness.  See Hill v. Eagle Motor Lines,
 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) (holding the decisions of the Appellate
 Panel must be affirmed if the factual findings are supported by substantial
 evidence in the record); Hall v. Desert Aire, Inc., 376 S.C. 338, 348,
 656 S.E.2d 753, 758 (Ct. App. 2007) ("The final determination of witness
 credibility and the weight assigned to the evidence is reserved to the
 Appellate Panel."); Id. at 350, 656 S.E.2d at 759 ("The
 general policy in South Carolina is to construe the Workers' Compensation Act
 in favor of coverage, and any reasonable doubts as to construction should be
 resolved in favor of the claimant.").
2.  Regarding
 the Carrier's argument that the single commissioner erred in finding Jackson
 properly notified his employer of the accident, substantial evidence supports
 the single commissioner's finding of proper notice.  Jackson testified he
 called a human resources employee the day after his accident and informed her
 he suffered a back injury working the night before and also submitted a medical
 leave form to her indicating he suffered a back injury as the result of an
 accident.  Although two employees from the human resources department testified
 Jackson never reported an on-the-job injury while working at Johnson Controls,
 the Appellate Panel, as the ultimate finder of fact, found Jackson a credible
 witness and assigned weight to his testimony and the medical leave form
 submitted by Jackson.  See id. at 348, 656 S.E.2d at 758 ("The
 final determination of witness credibility and the weight assigned to the
 evidence is reserved to the Appellate Panel."); Id. ("Where
 there are conflicts in the evidence over a factual issue, the findings of the
 Appellate Panel are conclusive."); Hill, 373 S.C. at 436, 645
 S.E.2d at 431 (holding the decisions of the Appellate Panel must be affirmed if
 the factual findings are supported by substantial evidence in the record).    

AFFIRMED.
HUFF, THOMAS, and KONDUROS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.